UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNIQUE TRUTH, | |
| Plaintiff, | |
| v. | Civil Action No. 25-3757 (CRC) |
| DONALD J. TRUMP, | |
| Defendant. | |

## DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

Defendant, President Donald J. Trump ("Defendant"), hereby moves to dismiss Plaintiff Unique Truth's ("Plaintiff") complaint (*see* ECF No. 1-1 at 1-6) and motion for preliminary injunction (*see* ECF No. 1-1, at 7-11) pursuant to Federal Rules of Civil Procedure ("Rules") 8(a), 8(d), 10(b), 12(b)(1) and 12(b)(6). In support of this motion, Defendant relies on this memorandum of law.

## BACKGROUND

A review of Plaintiff's complaint and motion for preliminary injunction demonstrates that they are incoherent and make no plausible claim for relief against this Defendant.

Plaintiff filed a complaint in the Civil Division of the Superior Court of the District of Columbia on July 25, 2025, *Unique Truth v. Donald Trump*, Case No. 2025 6739 (*see* ECF No. 1-1 at 1-6), which was accompanied by a motion for a preliminary injunction (*see* ECF No. 1-1 at 7-11). Defendant is the President of the United States and thus the matter was removed to this Court on October 23, 2025, pursuant to 28 U.S.C. § 1442(a)(1). *See* ECF No. 1.[1]

---

[1] Plaintiff's complaint and motion for preliminary injunction filed in the D.C. Superior Court are attached as Exhibit A to the removal filing, ECF No. 1, at ECF No. 1-1, at 1-17.

**PLAINTIFF'S COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION**

The complaint and motion for preliminary injunction (ECF No. 1-1) include a scattershot of indiscernible claims against the Defendant, and Plaintiff's claims are patently frivolous and without merit. Plaintiff's complaint asserts that the Defendant is stalking her via her phone and is "using people in spy gear" to send a red beam into her home which causes her headaches. She claims that due to the Defendant her friend has lost her life and another is in a mental home. *Id.* at 1. As for the relief Plaintiff seeks, she states: "I want [Defendant] to leave me and my friends and family alone in this life and the afterlife". *Id.* Plaintiff also states that the Defendant is kidnapping people, killing people, and "stalking black females." *Id.* at 2.

The motion for a preliminary injunction is equally indiscernible and frivolous. Plaintiff states that there is an emergency in that her life has been threatened by the Defendant and she asks that the Court order Defendant to "stay away from me my friends and family in this life and the afterlife". *Id.* at 7. When asked for any laws, regulations, court rules, or decisions which would support her motion, Plaintiff provides no such citations. *Id.* at 10.

Plaintiff provides no information or descriptions of any events that in any way set forth or support plausible allegations against the Defendant. The Defendant has no notice of anything supportive of a viable claim made by Plaintiff. All of Plaintiff's ill-defined and incoherent claims must be dismissed for lack of subject matter jurisdiction, failure to state a claim, or both. Likewise, her motion for preliminary injunction is without any merit.

## LEGAL STANDARDS

### I.    Dismissal for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1). To determine whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts." *Vico Prods. Co. v. NLRB*, 333 F.3d 198, 198 (D.C. Cir. 2003) (citations omitted).

In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the Court must accept as true all factual allegations in the complaint and construe the complaint liberally, granting the plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005) ("At the motion to dismiss stage, counseled complaints as well as pro se complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact."); *Koutny v. Martin*, 530 F. Supp. 2d 84, 87 (D.D.C. 2007).

Nevertheless, it is the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. EPA*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Griev. Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 200) (internal citations and quotation marks omitted). A court need not accept as true "a legal conclusion couched as a factual allegation" or an inference "unsupported by the facts set out in the complaint." *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal citation and quotation marks omitted).

## II.    Requirements for Complaints Under Rule 8 and 10(b) and Dismissal for Failure to State a Claim Under Rule 12(b)(6)

A complaint must comply with Rules 8(a), 8(d), and 10(b).  Rule 8(a) requires a short and plain statement of the grounds for the Court's jurisdiction and a short and plain statement of the claim showing that the pleader is entitled to relief.  Rule 8(d) requires allegations in a complaint

to be concise and direct. Rule 10(b) requires that a party state its claims in numbered paragraphs limited to a single set of circumstances.

A motion made under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests whether a complaint has successfully "state[d] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While detailed factual allegations are not necessary to withstand a Rule 12(b)(6) challenge, a plaintiff must nonetheless provide "more than labels or conclusions" or "a formulaic" recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim is facially plausible only when a plaintiff pleads factual content that enables the Court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the Court must assume that any "well-pleaded factual allegations" in a complaint are accurate, conclusory allegations "are not entitled to the assumption of truth." Id. at 679. Furthermore, the Court "need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint. Moreover, the court is not bound to accept as true a legal conclusion couched as a factual allegation." *Jack's Canoes & Kayaks, LLC v. Nat'l Park Serv.*, 937 F. Supp. 2d 18, 27 (D.D.C. 2013) (internal quotation marks and citations omitted). A complaint that "pleads facts that are merely consistent with a defendant's liability, [] stops short of the line between possibility and plausibility of entitlement to relief," and is insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 55, 557) (internal quotation marks omitted).

Lastly, "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ndremizara v. Towers Watson*, Civ. A. No. 12-1358 (RCL), 2013 WL 4498977, at *1 (D.D.C. Aug. 21, 2013) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "Nevertheless, a pro se plaintiff's complaint 'must present a claim on which the Court can grant relief.'" *Ndremizara*, 2013 WL 4498977, at *1 (quoting *Utterback v. Geithner*, 754 F. Supp. 2d 52, 54 (D.D.C. 2010), and *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002)).

## III.   <u>Preliminary Injunction</u>

A "preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (quotation marks omitted). An injunction should be entered only "upon a clear showing that the [movant] is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the moving party must demonstrate (1) that it is likely to succeed on the merits of its claims; (2) that it is likely to suffer an irreparable injury in the absence of injunctive relief; (3) that the balance of equities tips in its favor; and (4) that the proposed injunction is in the public interest. *Id*. at 20. The same substantive standards apply for both temporary restraining orders and preliminary injunctions. *See, e.g., Sterling Com. CreditMich., LLC v. Phoenix Indus. I, LLC*, 762 F. Supp. 2d 8, 13 (D.D.C. 2011) (Friedman, J.) (denying motion); *Hall v. Johnson*, 599 F. Supp. 2d 1, 4 (D.D.C. 2009) (same); *Experience Works, Inc. v. Chao*, 267 F. Supp. 2d 93, 96 (D.D.C. 2003) (same).

## ARGUMENT

## I.   Plaintiff's Claims Are Patently Insubstantial and Subject to Dismissal Under <u>Rules 8, 10(b), 12(b)(1) and 12(b)(6).</u>

First, Plaintiff's complaint does not comply with Rule 8(a), which requires a short and plain statement showing entitlement to relief, and with Rule 8(d), which requires simple, concise and

direct allegations.  Further, Plaintiff did not state any claims in numbered paragraphs describing a specific set of circumstances, nor did she promote clarity with separate claims or counts, as required by Rule 10(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. (8)(a), which serves to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Rule 12(b)(6) provides a vehicle for parties to challenge the sufficiency of a complaint on the ground that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When presented with a motion to dismiss for failure to state a claim, the district court must accept as true the well-pleaded factual allegations in the complaint. *Atherton v. D.C. Off. of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009).  Although "detailed factual allegations" are not necessary to withstand a motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Twombly*, 550 U.S. at 557).

Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.  The plaintiff must provide more than just "a sheer possibility that a defendant has acted unlawfully." *Id*.  When a complaint's well-pleaded facts do not enable a court, "draw[ing] on its judicial

experience and common sense," "to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id*. at 679.

Despite entitlement to more lenient pleading standards, a *pro se* plaintiff still carries the burden to establish that the Court has subject matter jurisdiction over his case. *See Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010). Relevant here, "[a] complaint may be dismissed on jurisdictional grounds when it is patently insubstantial, presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (cleaned up). Indeed, the Supreme Court has "repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *see also Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105 (1933) ("jurisdiction . . . is wanting where the claim set forth in the pleading is plainly unsubstantial"). For example, conspiracy theories qualify as "patently insubstantial" allegations and therefore "present[] no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330–31 (D.C. Cir. 1994). "[O]bviously frivolous" claims are another category of claims that fail to support jurisdiction in federal courts. *Hagans*, 415 U.S. at 536–37 (quoting *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 (1910)).

Here, Plaintiff's complaint fails to state any plausible claims against the Defendant. A review of the complaint makes this clear. Plaintiff's complaint contains frivolous, incoherent, and insufficient allegations that lack any substance. The complaint "'present[s] no federal question suitable for decision,'" as it vaguely and conclusively asserts that Plaintiff suffered some unknown injury due the President spying on her and stalking her.

A review of Plaintiff's complaint demonstrates that it is clearly insufficient and makes no plausible allegations against the Defendant. Accordingly, Plaintiff's incomprehensible allegations are alone sufficient grounds for dismissing the claims against the Defendant *See, e.g.*, *Isom v. Guterres*, Civ. A. No. 24-01104 (APM), 2024 WL 2300651, at *1–2 (D.D.C. May 20, 2024) (dismissing a complaint for failure to state a claim where it was "vague and rambling, alleging a wide-spread conspiracy"); *Akhan v. United States*, Civ. A. No. 22-3812 (TSC), 2023 WL 3750490, at *2–3 (D.D.C. June 1, 2023).

Even accepting Plaintiff's vague and conclusory allegations as true, she fails to establish this Court's jurisdiction and fails to state any plausible claim against the Defendant for which relief may be granted. Indeed, Plaintiff's complaint set forth no facts that in any way make out plausible claims. Accordingly, the complaint should be dismissed pursuant to Rules 8, 10(b), 12(b)(1), and 12(b)(6).

## II. Plaintiff is Not Entitled to a Preliminary Injunction

Per the foregoing discussion, Plaintiff has set forth no facts which would entitle her to a preliminary injunction. She is unlikely to succeed on the merits of any claim, has suffered no irreparable injury in the absence of injunctive relief, there is no balance of equities in her favor, and the proposed injunction is not in the public interest. Thus, even if this Court were to decide that Plaintiff has set forth plausible claims, she is not entitled to injunctive relief.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed, as well as her request

for injunctive relief.  A proposed form of order is attached.


Dated: December 5, 2025                    Respectfully submitted,
        Washington, DC

                                            JEANINE FERRIS PIRRO
                                            United States Attorney


                                       By:  _____ */s/ Thomas W. Duffey* _____
                                           THOMAS W. DUFFEY
                                           Assistant United States Attorney
                                           601 D Street, NW
                                           Washington, DC 20530
                                           (202) 252-2510

                                       *Attorneys for the United States of America*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon the pro se

Plaintiff this date, via first class mail, at the following address:

UNIQUE TRUTH
3040 Stanton Road, SE
No. 303
Washington, D.C. 20020


                                       */s/ Thomas W. Duffey*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNIQUE TRUTH,<br><br>            Plaintiff,<br><br>      v.<br><br>DONALD J. TRUMP,<br><br>            Defendant. | Civil Action No. 25-3757 (CRC) |

**[PROPOSED] ORDER**

This matter, having come before the Court on the motion of Defendant to dismiss the complaint and the motion for a preliminary injunction, and the Court having considered the motion, any opposition thereto, and the entire record herein, Defendant's motion is GRANTED, and it is:

ORDERED, that Plaintiff's complaint is dismissed and her request for a preliminary injunction is denied.

_____
CHRISTOPHER R. COOPER
United States District Judge